# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JOSHUA E. CHAVIS,** ) | |
| ) | |
| Petitioner, ) | Case No. 7:21CV00323 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **HAROLD W. CLARKE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Respondent. ) | |

*Joshua E. Chavis, Pro Se Petitioner.*

Petitioner Joshua E. Chavis, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2017 state conviction for malicious wounding, for which he was sentenced to ten years in prison. The Respondent has filed a Motion to Dismiss and Chavis has responded. Upon review of the record, transcripts, and pleadings, I find that Chavis has failed to show that the state court decisions relating to his claims were contrary to or an unreasonable application of clearly established federal law, nor has he shown that they were based on an unreasonable determination of the facts. Accordingly, I will grant the Respondent's motion.

## I.  BACKGROUND.

On August 11, 2015, Chavis was arrested and charged with malicious wounding of Raymond Menefee. Following a preliminary hearing in April 2016,

the matter was certified to the grand jury. Following Chavis' plea of not guilty, a jury trial was held in the Circuit Court of Washington County, Virginia. The jury convicted Chavis of malicious wounding and recommended a sentence of ten years. After consideration of a presentence report and a sentencing hearing on May 25, 2017, the trial court imposed the sentence recommended by the jury.

Chavis filed a motion for reconsideration of the sentence, because the sentence substantially exceeded the recommended sentencing range under Virginia's voluntary sentencing guidelines. The trial court denied his motion.

Chavis appealed his conviction, challenging the sufficiency of the evidence to support his conviction.[1] In its opinion denying the appeal, the Court of Appeals of Virginia summarized the evidence in the case as follows:

> [Chavis], a truck driver, had stopped at the Mid-Mountain Distribution Center in Abingdon, Virginia. [Chavis] encountered Raymond Menefee, another truck driver, in the parking lot. [Chavis] and Menefee got into an argument, drawing the attention of Barry Hayes, Theodore Barnes, and Jeff Sanger. Hayes was sitting in his truck when he heard loud voices. Hayes saw [Chavis] walk to [Chavis'] truck and pull out a metal bar from the cab. Hayes stated that as Menefee was walking away from [Chavis], [Chavis] struck Menefee in the back of the head. Menefee fell in front of Hayes' truck, and Hayes got out of his truck to render assistance. [Chavis] returned to his truck and put the bar back in the cab.

---

[1] Chavis also raised other issues on direct appeal which are not pertinent to resolution of his habeas petition.

Sanger also saw [Chavis] and Menefee yelling at one another, but could not hear what they were saying. Sanger saw Menefee walk away from [Chavis] while [Chavis] walked to his own truck. Sanger observed [Chavis] retrieve a metal bar. Sanger stated that [Chavis] "cocked [the bar] back" and struck Menefee in the back of the head. [Chavis] raised the bar again while Menefee was on the ground, but [Chavis] returned to his truck and put the bar in the cab. Barnes testified to the same events as described by Hayes and Sanger.

Deputy Adam Rhudy responded to the distribution center and found Menefee on the ground and unconscious. Rhudy took photos of the scene, including Menefee's injuries, which showed an open wound and blood on the right side of Menifee's (sic) head, behind his ear. [Chavis] consented to a search of his truck and Rhudy found the metal bar. [Chavis] was arrested at the scene.

Menefee testified that he did not recall what occurred. Menefee was diagnosed with a traumatic brain injury and subsequently experienced seizures, reduced peripheral vision, and problems with dizziness, headaches, and balance. At the time of trial, Menefee still could not operate a motor vehicle.

[Chavis] testified that he saw Menefee pointing and staring at him. [Chavis] recounted that he knocked on Menefee's truck door to inquire why Menefee was pointing at him. [Chavis] stated that Menefee kicked his truck door open. [Chavis] asked Menefee what was going on. Menefee quickly got out of his truck and stood in front of [Chavis]. [Chavis] believed Menefee had a gun while Menefee was "charging" at [Chavis] and threatening him. [Chavis] admitted that he punched Menefee in the shoulder, but claimed that he later ran to his truck to call the authorities. According to [Chavis], the bar fell out of the cab when he opened the door to his truck. [Chavis] denied hitting Menefee with the bar. [Chavis] testified

>that Menefee sat on the ground and hit his own head against the pavement.

*Chavis v. Commonwealth*, No. 1034-17-3, slip op. at *2–3 (Va. Ct. App. Mar. 28, 2018), *reh'g denied*, May 30, 2018.  Chavis' petition to the Supreme Court of Virginia was refused.  *Chavis v. Commonwealth*, No. 180908 (Va. Apr. 23, 2019). Chavis did not seek review by the United States Supreme Court.

Chavis filed a petition for habeas corpus in the Supreme Court of Virginia, alleging ineffective assistance of counsel for failure to conduct an independent pretrial investigation, failure to develop or utilize impeachment materials, and failure to submit the state's case to any meaningful adversarial testing. The court held that Chavis failed to establish either deficient performance by counsel or prejudice, and the court denied the petition.  *Chavis v. Clarke*, No. 200604 (Va. May 13, 2021).

## II. CLAIMS ASSERTED.

Chavis raises the following claims in his timely filed petition in this court:

1. Ineffective assistance of trial counsel in failing to investigate;

2. Ineffective assistance of trial counsel in failing to impeach and to present exculpatory evidence; and

3. Insufficiency of the evidence to support his conviction, in violation of his due process rights.

### III. STANDARD OF REVIEW.

Federal courts reviewing constitutional claims adjudicated on the merits in state court may grant relief on such claims only if the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A federal district court reviewing a § 2254 petition is also limited by the separate but related doctrines of exhaustion, procedural default, and independent and adequate state law grounds. The standard of review and these procedural doctrines promote the principles of finality, comity, and federalism, recognizing a state's legitimate interests in enforcing its laws, preventing disruption of state judicial proceedings, and allowing states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). When reviewing a state court's assessment of an ineffective assistance of counsel claim, federal review is "doubly deferential," because the deferential standard of review under the statute overlaps with the deferential standard required for ineffective assistance of counsel claims. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

IV. ANALYSIS OF CLAIMS.

Claim 1 – Ineffective Assistance of Counsel
in Failing to Investigate.

When raising a claim of ineffective assistance of counsel, a petitioner must show that (1) counsel's performance was so deficient that he was not functioning as counsel guaranteed by the Sixth Amendment and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The state habeas court found that Chavis failed to prove either element. The court reasoned that Chavis did not state his factual allegations (as opposed to legal conclusions) to enable the court to determine what actions counsel failed to undertake in his investigation of the case, what evidence counsel failed to uncover, and how that evidence would have made a difference in his case. The court's determination that the petition lacked factual allegations is a reasonable determination of the facts.

The state court's holding that it could not consider facts that were not alleged in the petition is a matter of state law. Federal habeas courts do not examine state court interpretations of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Under Virginia law, by failing to include the factual allegations in his petition, Chavis procedurally defaulted consideration of those facts, as it was too late to raise them when he filed his memorandum of law, because the statute of limitations had

run, and amendments to a petition after the statute has run do not related back to the filing of the original petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Federal pleading law is the same. "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." *Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996); *see also Bassette v. Thompson*, 915 F.2d 932, 940–41 (4th Cir. 1990). Accordingly, the state habeas decision was a reasonable application of federal law.

In this court, as in the state habeas court, Chavis provided some factual detail in his response to the respondent's motion to dismiss. Because any claim based on those facts was procedurally defaulted in state court under an independent and adequate state law ground, such claims are also procedurally defaulted in federal court. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). However, a petitioner can overcome procedural default if he shows both cause for the default and actual prejudice resulting from the claimed violation of his federal constitutional rights. *Coleman*, 501 U.S. at 750.

Cause for procedural default requires the existence of some objective factor, external to the defense and not attributable to the prisoner's own conduct. *Id.* at 756–57. Chavis has not given any reason for failing to include the essential facts of his claim in the petition, much less a reason that rises to good cause. He has repeated

the same pattern here, filing a petition with conclusory legal allegations and then providing supporting facts only after the respondent filed a motion to dismiss.

Even if one considers the facts alleged, Chavis has not demonstrated any prejudice, because the facts alleged do not show deficient performance of counsel or prejudice to the defense. Chavis alleges a failure to obtain necessary medical records to cross-examine the victim on his claimed injuries. The record reveals that counsel filed subpoenas for the records of multiple health care providers on more than one occasion. Further, he cross-examined Menefee about the absence of any physiological explanation for his alleged loss of peripheral vision and that Menefee had been to three different eye doctors trying to find someone who would tell him that something was wrong with his eyes because of the injury, and none would do so. These facts belie Chavis' allegations of deficient performance. Further, what questions to ask on cross-examination and how to approach impeachment are quintessential strategies of counsel, which should not be second-guessed by a court evaluation of counsel's performance. *Hunt v. Nuth*, 57 F.3d 1327, 1332 (1995). As the *Strickland* court noted, when evaluating counsel's performance for reasonableness, a reviewing court must not rely upon "the distorting effects of hindsight," but must presume that counsel's decisions and actions fell within the wide range of reasonable strategy decisions. *Strickland*, 466 U.S. at 689.

Most importantly, Chavis' argument ignores that the jury convicted him of the lesser included offense in the Indictment, malicious wounding, meaning that they acquitted him of *aggravated* malicious wounding. The extent and permanency of Menefee's alleged injuries were only relevant to the extra element to prove aggravated malicious wounding. Because that issue was resolved in Chavis' favor at trial, there is no prejudice to him from any failure to delve further into medical issues.

The state court's dismissal of Chavis' claim for failure to investigate is a reasonable and proper application of federal law and is based on a reasonable determination of facts. I will dismiss this claim.

### Claim 2 – Ineffective Assistance of Counsel in Failing to Impeach and to Present Exculpatory Evidence.

As with Claim 1, the state habeas court found that Chavis did not allege sufficient facts to establish deficient performance or prejudice. That is a reasonable determination of facts and a reasonable application of federal law. The record gives very little information on what impeachment evidence counsel failed to use. The medical records have already been discussed above. In his responsive pleading in the state case, Chavis alleged that counsel never interviewed the Commonwealth's witnesses, and therefore was not prepared to impeach them. Again, the transcript of the trial does not support this allegation. Counsel questioned the eyewitnesses about discrepancies between their preliminary hearing testimony and trial testimony.

Chavis has not stated what information counsel would have come up with if he had interviewed them in greater detail, and the absence of that information is fatal to this claim. *Beaver*, 93 F.3d at 1195. I will dismiss this claim.

## Claim 3 – Sufficiency of the Evidence.

Chavis' sufficiency of the evidence claim was addressed on direct appeal, rather than in his state habeas petition. He fully exhausted the claim by appealing to the state's highest court, the Supreme Court of Virginia, giving them an opportunity to address the merits. The high court did not issue a written opinion explaining its decision, leaving the panel opinion from the Court of Appeals as the last reasoned state court opinion. The Supreme Court has held that a federal habeas court must presume, in the absence of any indication to the contrary, that an unexplained order leaving a lower court's reasoned decision undisturbed rests upon the same grounds. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Accordingly, I will look to the opinion from the Court of Appeals to determine if the decision was based on a reasonable determination of the facts and reasonable application of federal law.

A state court's decision is an unreasonable application of federal law only if the ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Likewise, the federal court must presume that a state court's factual findings are correct, and this

presumption can be overcome only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, a federal court must find more than just an incorrect determination of facts, as unreasonableness is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

To prevail on a constitutional claim for insufficiency of the evidence, a petitioner must show that the evidence at trial, in the light most favorable to the government, is such that no rational trier of fact could have found guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). That is the same standard that Virginia appellate courts use when evaluating sufficiency of the evidence on direct appeal. *Williams v. Commonwealth*, 677 S.E.2d 280, 282 (Va. 2009).

The testimony of a single witness, if believed, is sufficient to support a conviction. Credibility of each witness is a matter for the jury to decide, as the finder of fact. *Commonwealth v. McNeal*, 710 S.E.2d 733, 735 (Va. 2011). In this case, three different eyewitnesses testified that Menefee was walking away from Chavis when he came up behind him and struck him with the metal bar. The state court reasonably concluded that this testimony was more than sufficient to support the conviction. Because the state court's decision is based on a reasonable determination of the facts and a reasonable application of the law, I will dismiss this claim.

## IV.  CONCLUSION.

For the reasons stated, I will grant the Motion to Dismiss.

Because I have denied his claims, Petitioner's Motion for Constitutional Prospective Relief will also be denied.

A separate Final Order will be entered herewith.

DATED:  August 8, 2022

/s/ JAMES P. JONES
Senior United States District Judge